IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:12CV402-RJC-DSC

| | | |
|---|---|---|
| LYDIA A. CHARLES, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM AND RECOMMENDATION** |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss and Incorporated Memorandum" (document #15) and the pro se Plaintiff's "Response …" (document #17). Defendant has not filed a reply brief in support of his Motion and the time for filing a reply has expired.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

This is an employment discrimination action brought pursuant to Title VII of the 1964 Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e et seq..

On June 29, 2012, Plaintiff filed an unsigned document entitled "Motion for Consideration to File a Civil Employment Discrimination Complaint and Action" (document #1) along with a "Motion to Proceed in Forma Pauperis" (document #2).

On July 17, 2012, the Honorable Robert J. Conrad, Jr. ordered Plaintiff to "submit a

1

complaint which complies with Rules 8 and 11, among others, of the Federal Rules of Civil Procedure." "Order" (document #5). The Order further warned Plaintiff "that failure to submit a signed complaint within 14 days from entry of this Order may result in an Order directing the Clerk of Court to close this case." Id.

On July 31, 2012, Plaintiff filed a signed Amended Complaint (document #6).

On August 21, 2012, Judge Conrad granted in part Plaintiff's Motion to Proceed in Forma Pauperis, ordering her to pay a partial filing fee.

On December 13, 2012, Defendant filed his Motion to Dismiss contending that Plaintiff did not commence her civil action within ninety days of the receipt of her right-to-sue letter. The record reflects that a copy of the Postal Service's Final Agency Decision was delivered to Plaintiff on April 11, 2012. It is well-settled that Title VII allows an aggrieved party ninety days after receipt of a right-to-sue letter to file a civil action. 42 U.S.C. § 2000e- 5(f)(1). A claimant who fails to file a complaint within the ninety-day time period generally forfeits her right to pursue a claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). The time period is subject to equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

Applying these legal principles to the record in this case, Plaintiff had through July 10, 2012 to commence this action. Plaintiff attempted to file a purported Complaint on June 29, 2012. Although that document was procedurally deficient, Judge Conrad allowed Plaintiff an extension through July 31, 2012 to file a proper Complaint, which she did.

Moreover, the filing of a motion to proceed in forma pauperis "tolls the statute of limitations until the court rule[s] on the IFP application." Roach v. Hilton World-Wide, Inc.,

2013 WL 556195, *3 (E.D.N.C. February 12, 2013) (citing Truitt v. Cnty. of Wayne, 148 F.3d 644, 647–48 (6th Cir. 1998); Williams–Guice v. Bd. of Educ., 45 F.3d 161, 164–65 (7th Cir. 1995); Jarrett v. U.S. Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994)). See also Wright v. N.C. State University, 1998 WL 937273, *3 (E.D.N.C. 1998) (finding that plaintiff's filing IFP motion effectively commenced action within ninety day period; "[t]o the extent that the IFP Motion … did not effectively commence this action … the filing of that motion within the 90–day period justifies the equitable tolling of the statutory period"). Plaintiff filed her Amended Complaint three weeks prior to the Court's ruling on her Motion to Proceed In Forma Pauperis.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document #15) be **DENIED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells,

109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff, to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: February 21, 2013

David S. Cayer
United States Magistrate Judge