# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| LYDIA A. CHARLES, | ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL NO: 3:12CV402-RJC-DSC |
| PATRICK R. DONAHOE, POSTMASTER GENERAL, | ) ) ) ) |
| Defendant. | ) ) |

## CONSENT PROTECTIVE ORDER

The parties intend to produce certain documents in this litigation. One or more of the documents contain sensitive and privileged information. Counsel for the Defendant Postmaster General and the *pro se* Plaintiff have agreed to produce the requested documents subject to this Protective Order, without waiving any privilege that may be applicable.

The Defendant has moved for entry of this Protective Order in order to facilitate the production of the documents without further proceedings and Plaintiff, *pro se*, has consented.

IT IS, THEREFORE, ORDERED that pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order upon the Motion of the Defendant, for the purpose of assuring the confidentiality of certain information which may be disclosed.

1.  As used in this Protective Order, the term "sensitive information" includes any information that is disclosed by the parties or their counsel to another party or its counsel in the course of this action and that is designated as "sensitive" by the party or individual disclosing it in one or more of the following ways: information contained in any document or part thereof may be so designated by marking the word "sensitive" on the document or any copy of it delivered to a party or his counsel or by giving written notice to counsel for a party, describing

the document or part thereof either specifically or by category.

2. "Sensitive information" disclosed by the parties or their counsel to a party or their counsel during the course of discovery proceedings in this action:

    a. Shall be used by counsel for the party only for purposes of this action.

    b. Shall not be published to the general public in any form by the opposing counsel, nor used by the opposing counsel for any business or commercial purposes.

    c. Shall be disclosed by counsel for a party only to the following persons:

        (1) The parties and attorney of record for a party, including any staff, or retained consultants and experts of the parties or attorneys of record which represent a party;

        (2) Court reporters or stenographers engaged to record deposition testimony, and their employees;

        (3) Such other persons as hereafter may be authorized by the Court upon motion of a party;

        (4) The Court or the jury at trial or as exhibits to motions.

3. A copy of this Protective Order shall be delivered to each of the persons within categories (2) and (3) of paragraph 2 (c) above to whom a disclosure of sensitive information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Protective Order shall be binding upon each such person to whom disclosure is made.

4. The provisions of this Protective Order shall not be construed as preventing any disclosure of sensitive information to any judge, magistrate, or employee of this Court for

purposes of this action.

5.  Transcripts of depositions which contain sensitive information shall upon motion be sealed by the Clerk of this Court upon their filing.  No person other than a judge, magistrate or employee of this Court, or counsel of record shall have access to them without the prior order of this Court.

6.  This Protective Order shall not:  (a) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (b) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Protective Order; or (c) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any sensitive information.

7.  Upon the conclusion of this litigation, all sensitive information supplied by any producing party and all copies thereof, shall be returned to the producing party or such sensitive discovery material shall be certified to have been destroyed.

8.  Nothing in this Protective Order shall preclude a party from offering sensitive information into evidence at the trial of this action.

9.  All information subject to sensitive treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any sensitive information, shall be filed under seal and kept under seal until further order of the Court.  Where possible, only sensitive portions of filings with the Court shall be filed under seal.

10.  Nothing in this Protective Order shall be construed to limit the redaction of file

and indexing information in the discretion of counsel for Defendant when they deem such redaction necessary for Privacy Act material unrelated to this lawsuit.

11. The entry of this Protective Order is consented to by the parties to this action.

**SO ORDERED**.

Signed: July 26, 2013

David S. Cayer
United States Magistrate Judge